```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF IOWA
                          CENTRAL DIVISION

CONTINENTAL WESTERN INSURANCE  )
COMPANY,                       )      4:14-cv-00042-RP-RAW
                               )
        Plaintiff,             )
                               )
vs.                            )      RULING ON PLAINTIFF'S
                               )      MOTION TO COMPEL
THE FEDERAL HOUSING FINANCE    )      PRODUCTION OF THE
AGENCY, MELVIN L. WATT, in     )      ADMINISTRATIVE RECORD
his official capacity as       )      AND FOR SUSPENSION OF
Director of the Federal        )      THE BRIEFING SCHEDULE
Housing Finance Agency, and    )      AND DISCOVERY-RELATED
THE DEPARTMENT OF THE          )      DEADLINES
TREASURY,                      )
                               )
        Defendants.            )
```

The above resisted motion [31] is before the Court following hearing. Plaintiff Continental Western Insurance Company ("Continental Western") brings this action against The Federal Housing Finance Agency and its Director (collectively "FHFA") and The Department of The Treasury ("Treasury"). Counts I - IV of the Complaint are under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551-706, and challenge the conduct of the agency and department relating to FHFA's conservatorships of the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "the Companies") under the authority of the Housing and Economic Recovery Act of 2008 ("HERA"), 12 U.S.C. §§ 1455, 1719, 4617. In addition, under the Court's supplemental jurisdiction the Complaint includes a number of common law claims against FHFA for breach of contract, the associated covenant of good faith and fair dealing,

and breach of fiduciary duty (Counts V - VII). Both defendants have filed motions to dismiss for lack of subject matter jurisdiction [23][24]. Fed. R. Civ. P. 12(b)(1). Alternatively defendants urge the Court should transfer this case to the U.S. District Court for the District of Columbia where some ten similar, earlier-filed actions are pending, or stay this case until the resolution of the actions in that court.[1]

By the present motion Continental Western seeks an order compelling production of an administrative record, suspending briefing on the motions to dismiss until the record is produced, and suspending discovery-related deadlines. Defendants do not resist suspending discovery-related deadlines (to include submission of a proposed scheduling order and discovery plan) but do resist the motion to compel and to suspend briefing on their motions to dismiss.

In 2008 Congress enacted HERA in response to the financial crisis at that time which had much to do with the housing market. HERA authorized FHFA to place the Companies into

---

[1] As the Court understands it, in one of the District of Columbia cases in which Continental Western's parent is a party (and Continental Western's current counsel are involved), FHFA has filed a motion to dismiss or in the alternative for summary judgment which, according to FHFA, raises many of the same arguments presented by defendants in their motions to dismiss in this Court. The motion is fully briefed. Given the summary judgment context FHFA agreed to provide a compilation of documents in the District of Columbia case, the adequacy of which is disputed and currently the subject of a motion before that court. (Tr. [40] at 10, 18-19, 20).

conservatorship and that is what FHFA did in September 2008. FHFA, as conservator, subsequently entered into preferred stock purchase agreements with Treasury under which Treasury committed billions of dollars to the Companies in exchange for senior preferred stock. For reasons the validity of which is in dispute, Treasury and FHFA in 2012 entered into a Third Amendment to the preferred stock agreements which altered the dividend structure to accomplish what Continental Western refers to as a "net worth sweep."[2] The sweep resulted in all of the Companies' future profits going to Treasury, effectively, as Continental Western characterizes it, nationalizing the Companies and resulting in the confiscation of the value of Continental Western's preferred stock. The core of Continental Western's Complaint is that FHFA, at Treasury's prompting, acted in excess of its HERA statutory authority and without legitimate motive when it agreed to the net worth sweep, an action therefore arbitrary and capricious entitling Continental Western to relief under the APA.

In their motions to dismiss defendants argue the Court lacks jurisdiction because HERA prohibits the relief sought in the Complaint. Specifically, 12 U.S.C. § 4617(f) states that "[e]xcept as provided in this section or at the request of the Director, no court may take any action to restrain or affect the exercise of

---

[2] The Complaint states FHFA's then-acting Director used this phrase in describing the Third Amendment. (Complaint [1] ¶ 12).

powers or functions of the Agency as a conservator or a receiver," a provision defendants contend precludes judicial review of FHFA's exercise of its powers as conservator. Defendants further argue that FHFA's succession to the rights and privileges of the Companies and their stockholders as provided in 12 U.S.C. § 4617(b)(2)(A)(i) divests Continental Western of the ability as stockholder to sue for damages directly or derivatively. For this and other reasons defendants argue Continental Western lacks standing.

Continental Western's 56-page Complaint is highly fact specific. The Complaint alleges the net worth sweep was not necessary, other options were available, and the sweep was the product of a Treasury directive aimed simply at giving Treasury all of the Companies' profits. The present motion is prompted by the fact that in their briefs on the motions to dismiss defendants make factual assertions about the necessity and purpose of the net worth sweep inconsistent with the Complaint's allegations on the same subjects. In particular, Continental Western targets statements in defendants' briefs which justify the net worth sweep as necessary to save the Companies from insolvency. (Treasury Motion to Dismiss Brief [24-1] at 9-10; FHFA Motion to Dismiss Brief [23-13] at 9-10). Continental Western argues it needs an administrative record to rebut defendants' assertions about the necessity and purpose of the net worth sweep and to support its contrary factual assertions,

and until then briefing on the motions to dismiss should be suspended. Defendants respond that their motions make only a facial challenge to subject matter jurisdiction and that even accepting all of the many facts stated in the Complaint as true, they are nonetheless entitled to dismissal.

There are two types of challenges to subject matter jurisdiction, a "facial" challenge and a "factual" challenge. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). A facial challenge analyzes the face of the Complaint, the jurisdiction-related factual allegations of which are taken as true. *Smith v. Dep't of Agriculture*, 888 F. Supp. 2d 945, 948 (S.D. Iowa 2012)(citing *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005)); *Dolls, Inc. v. City of Coralville, Iowa*, 425 F. Supp. 2d 958, 969 (S.D. Iowa 2006)(also citing *Biscanin*). In a factual challenge the Court may look outside the pleadings to determine its jurisdiction, and the facts of the complaint are not presumed to be true. *Dolls, Inc.*, 425 F. Supp. 2d at 970 (citing *Osborn v. United States*, 918 F.2d 724, 729-30 n.6 (8th Cir. 1990). *See 2 Moore's Federal Practice* § 12.30[4] at 12-46 – 12-47 (3d ed. 2014); 5B Charles Wright and Arthur Miller, *Federal Practice and Procedure: Civil*, § 1350 at 187-98 (3d ed. 2004).

As noted, defendants contend that they make only a facial challenge to the Complaint.[3] It is true that in their briefing they describe the net worth sweep in positive terms as a means to save the Companies from the insolvency they were facing under the dividend structure in effect prior to the Third Amendment. It is natural they would explain the sweep from their perspective in view of the allegations in the Complaint about the invalidity of the sweep, but that does not mean defendants make a factual challenge to jurisdiction. At bottom the motions to dismiss do appear to advance purely legal arguments. Defendants having disclaimed a factual challenge, the Court must take Continental Western's factual assertions bearing on its jurisdictional theory -- that the net worth sweep was unnecessary and improperly motivated -- as true. There is no need to adjudicate the truth of the matter in order to determine the motions to dismiss.

The other issues raised by the motions, whether HERA or other standing principles deprive the Court of jurisdiction to consider Continental Western's common law claims, and the alternative request for transfer, clearly present purely legal issues which may be decided without resort to an administrative record.

The Court is also concerned with the practical consequences to the progression of the case if Continental

---

[3] *See* Tr. [40] at 17-18, 33-34.

Western's motion is granted. The time necessary to put together an administrative record, the inevitable disputes about its adequacy, requests for additional discovery at which Continental Western hints, and the time required to digest and incorporate the administrative record in what promises to be extensive briefing, all portend months of delay in resolving the motions to dismiss to no obvious benefit or purpose.

Continental Western's motion to compel production of the administrative record and for suspension of briefing schedule and discovery-related deadlines [31] is **granted in part and denied in part.** The motion is granted to the extent that discovery-related deadlines including the deadline under the local rules for submission of a proposed scheduling order and discovery plan are **stayed**. In all other respects the motion is denied. Continental Western may have to and including **August 29, 2014** to submit its response to defendants' motions to dismiss.

IT IS SO ORDERED.

Dated this 5th day of August, 2014.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE