IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| CONTINENTAL WESTERN INSURANCE COMPANY, | ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Case 4:14-cv-00042-RP-RAW |
| THE FEDERAL HOUSING FINANCE AGENCY, *et al.*, | ) ) ) ) | |
| *Defendants*. | ) ) | |

**PLAINTIFF'S NOTICE OF ADDITIONAL AUTHORITIES**

Plaintiff offers this notice of additional authorities to clarify and complete counsel's answer to a question the Court asked at the December 16, 2014, hearing in this case. During Mr. Cooper's argument, the Court inquired whether the district court opinion in *County of Sonoma v. FHFA* is "the only case [in which] a District Judge has found that the Conservator has exceeded his powers." Transcript of Dec. 16, 2014 Hearing ("Tr.") at 48:6-7; *see California ex rel. Harris v. FHFA*, 894 F. Supp. 2d 1205, 1216-19 (N.D. Cal. 2012), *rev'd sub nom. County of Sonoma v. FHFA*, 710 F.3d 987, 992-95 (9th Cir. 2013). Mr. Cooper responded: "I don't know of another occasion myself," Tr. 48:17, later adding that little insight can be gained from the results reached in prior cases because "the net worth sweep is wholly unprecedented," *id.* at 63:13-14.

To more fully and accurately answer the Court's question, Plaintiff directs the Court's attention to several cases in which federal courts have held inapplicable jurisdictional bars closely analogous to 12 U.S.C. § 4617(f) in view of the limits on a receiver's statutory powers.

1

Although these cases involved a receiver, rather than a conservator, their reasoning applies equally to cases in which a conservator violates the statutory limits on its authority. Most notably, in *Coit Independence Joint Venture v. Federal Savings & Loan Insurance Corp.*, 489 U.S. 561, 574 (1989), the Supreme Court held that the materially identical jurisdictional bar at 12 U.S.C. § 1464(d)(6)(C) did not preclude the federal courts from adjudicating claims that a receiver lacked the statutory power to adjudicate. In so ruling, the Supreme Court explained that the jurisdictional bar "simply prohibits courts from restraining or affecting [the receiver's] exercise of those receivership 'powers and functions' that have been granted by other statutory sources." *Id.*

Consistent with *Coit*, the lower federal courts have not hesitated to hold Section 4617(f)'s analogues inapplicable when a receiver exceeded its statutory powers and functions. Thus, in *Sharpe v. FDIC*, the Ninth Circuit held that 12 U.S.C. § 1821(j) – the provision of FIRREA on which Section 4617(f) was modeled – did not preclude equitable relief where the FDIC breached a contract in a manner that exceeded its statutory receivership powers. 126 F.3d 1147, 1155 (9th Cir. 1997) ("The bar imposed by § 1821(j) does not extend to situations in which the FDIC as receiver asserts authority beyond that granted to it as a receiver. Section § 1821(j) shields only 'the exercise of powers or functions' Congress gave to the FDIC . . . ." (internal citations omitted)). Similarly, in *Elmco Properties, Inc. v. Second National Federal Savings Association*, 94 F.3d 914, 922-23 (4th Cir. 1996), the Fourth Circuit held that 12 U.S.C. § 1821(j) did not apply where the FDIC exceeded its statutory receivership powers by terminating a claim without providing the required notice. District courts have likewise held FIRREA's jurisdictional bar inapplicable under similar circumstances. *E.g.*, *Deutsche Bank Nat'l Trust Co. v. FDIC*, 784 F.

Supp. 2d 1142, 1158 (C.D. Cal. 2011); *Chemical Futures & Options, Inc. v. RTC*, 832 F. Supp. 1188, 1192-93 (N.D. Ill. 1993).

To be sure, cases in which a conservator or receiver is held to have exceeded its powers are unusual. Conservators, in particular, generally act for the purpose of preserving and conserving assets. But the key dividing line is whether a conservator acts beyond, or contrary to, the scope of its authority. The precedents uniformly recognize that Section 4617(f) and its analogues "do[ ] not bar injunctive relief when the [conservator or receiver] has acted or proposes to act beyond, or contrary to, its statutorily prescribed, constitutionally permitted, powers or functions." *National Trust for Historic Preservation v. FDIC*, 995 F.2d 238, 240 (D.C. Cir. 1993), *judgment vacated*, 5 F.3d 567, *and reinstated in relevant part*, 21 F.3d 469 (1994).[1] Plaintiff submits that if a conservator may donate the entire net worth of a financial institution under its care to its sister agency, then, contrary to the precedents, there are no meaningful limits on the statutory powers of a conservator.[2]

---

[1] *See also, e.g.*, *County of Sonoma*, 710 F.3d at 992 (HERA's jurisdictional bar "is inapplicable when FHFA acts beyond the scope of its conservator power"); *Leon Cnty. v. FHFA*, 700 F.3d 1273, 1278 (11th Cir. 2012) ("[I]f the FHFA were to act beyond statutory or constitutional bounds in a manner that adversely impacted the rights of others, § 4617(f) would not bar judicial oversight or review of its actions."); *James Madison, Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1093 (D.C. Cir. 1996) ("We . . . read section 1821(j) to prevent courts from interfering with the FDIC only when the agency acts within the scope of its authorized powers . . . ."); *Chemical Futures & Options, Inc.*, 832 F. Supp. at 1192-93 ("[S]ection 1821(j) does not elevate the FDIC to the position of a sacred cow which may graze upon the rights of others at will, unchecked by the courts."); *Perry Capital LLC v. Lew*, 2014 WL 4829559, at *6 (D.D.C. Sept. 30, 2014) ("Like a number of its sister circuits . . . this Circuit has established that, if the agency has acted or proposes to act beyond, or contrary to, its statutorily prescribed, constitutionally permitted, powers or functions, then 12 U.S.C. § 4617(f) shall not apply." (internal quotation marks omitted)).

[2] To the extent leave of court is required to file this notice, Plaintiff respectfully requests that the Court treat the notice as a Motion for Leave to File Additional Authorities.

| | |
|---|---|
| Date: December 23, 2014 | Respectfully submitted, |
| | |
| Matthew G. Whitaker | /s/ Charles J. Cooper |
| Matt M. Dummermuth | Charles J. Cooper (*Lead Counsel*) |
| Kendra L. Mills Arnold | David H. Thompson |
| WHITAKER HAGENOW & GUSTOFF, LLP | Peter A. Patterson |
| 400 E. Court Avenue, Suite 346 | Brian W. Barnes |
| Des Moines, IA  50309 | COOPER & KIRK, PLLC |
| (515) 284-5001 | 1523 New Hampshire Avenue, N.W. |
| (515) 864-0963 (fax) | Washington, D.C.  20036 |
| mwhitaker@whgllp.com | (202) 220-9600 |
| mdummermuth@whgllp.com | (202) 220-9601 (fax) |
| karnold@whgllp.com | ccooper@cooperkirk.com |
| | dthompson@cooperkirk.com |
| | ppatterson@cooperkirk.com |
| | bbarnes@cooperkirk.com |

*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on December 23, 2014, I electronically filed this foregoing with the Clerk of Court using the ECF system, and to my knowledge a copy of this document will be served on the parties or attorneys of record by the ECF system.

      /s/ Charles J. Cooper
     Charles J. Cooper
     ATTORNEY FOR PLAINTIFF